**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30207 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00013-SPW-1 |
| v. | |
| MICHAEL SERREL JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted February 7, 2018
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,[**] District Judge.

Defendant-Appellant Michael Johnson appeals the denial of his motion to suppress evidence recovered after a traffic stop and a subsequent warranted search of his vehicle which uncovered, *inter alia*, methamphetamine. Johnson argues that the evidence should be suppressed because Trooper Glen Quinnell of the Montana

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Highway Patrol, who pulled Johnson over, extended the traffic stop beyond its initial mission – to check his sobriety and address his swerving – without reasonable suspicion of criminal activity. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. While rulings on motions to suppress and whether reasonable suspicion existed are subject to *de novo* review, *Ornelas v. United States*, 517 U.S. 690, 699 (1996), "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Id.* As a result, the *de novo* review is peculiar and "slightly more circumscribed than usual" in light of the deference to those inferences. *United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (en banc).

2. In general, the duration of a traffic stop "is determined by the seizure's 'mission' – to address the traffic violation that warranted the stop, and attend to related safety concerns." *Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015) (internal citation omitted). As a result, "[a]uthority for the seizure [ ] ends when tasks tied to the traffic infraction are – or reasonably should have been – completed." *Id.*

Reasonable suspicion to extend the stop beyond its initial mission "exists when an officer is aware of specific, articulable facts which, when considered with

16-30207

objective and reasonable inferences, form a basis for *particularized* suspicion" of criminal activity. *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (emphasis in original) (en banc). The reasonable suspicion standard "is not a particularly high threshold to reach." *Valdes-Vega,* 738 F.3d at 1078. While it requires more than a mere hunch, "the likelihood of criminal activity need not rise to the level required for probable cause." *United States v. Arvizu*, 534 U.S. 266, 274 (2002). It is a "commonsense, nontechnical conception[] that deal[s] with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Ornelas*, 517 U.S. at 695 (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)).

Courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *Arvizu*, 534 U.S. at 273 (citing *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). Even though a particular observation may have an innocuous explanation when viewed in isolation, or be less probative than other observations, the reasonable suspicion evaluation "cannot be done in the abstract by divorcing factors from their context in the stop at issue." *Valdes-Vega*, 738 F.3d at 1078-79.

3.      Johnson contends that the traffic stop ended after Quinnell concluded that he was not impaired. Johnson argues that his detention and questioning

thereafter violated his Fourth Amendment rights as Quinnell did not have reasonable suspicion to extend the stop.

4.  We have examined, under the totality of the circumstances, the observations made by Quinnell which the government asserts supported a reasonable suspicion to extend the traffic stop. We agree that certain observations by Quinnell, that were undisputedly made before the completion of the traffic stop, viewed in the aggregate and giving due weight to the factual inferences of the district court and the troopers on the scene, "sufficed to form a particularized and objective basis" for Quinnell's extension of the traffic stop, even though "[u]ndoubtedly, each of these factors alone is susceptible of innocent explanation, and some factors are more probative than others." *Arvizu*, 534 U.S. at 277-78.

5.  The observations supporting Quinnell's reasonable suspicion of criminal activity such as drug trafficking, taking into account the totality of the circumstances, include that: (1) Johnson was driving a long-term expensive rental vehicle; (2) he was travelling to and from areas associated with drugs along a common drug route; (3) he was travelling with a significantly younger female passenger who had no identification, and whom he had only recently met; (4) the vehicle had several air fresheners (which are sometimes used to disguise the odor of drugs) despite being pristinely clean; (5) there was a discrepancy between the fact that Johnson claimed to be a drywaller and the facts that his hands were not

calloused and the vehicle was clean with no visible tools; and (6) Johnson had three visible phones in the vehicle, one of which was a flip phone and which Quinnell inferred was a "pay as you go" TracFone, sometimes used by criminals.

6. In that Quinnell had a reasonable suspicion of criminal activity, he did not violate Johnson's Fourth Amendment rights by continuing the traffic stop in order to engage in additional criminal investigation.

**AFFIRMED.**

16-30207